## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      :

                                         :

v.                                   :      Case No.: 1:21-cr-00186-CRC

                                         :

DAVID ALLEN BLAIR        :

                                         :

      Defendant.            :

### MOTION TO SUPPRESS EVIDENCE

David Allen Blair, Defendant, by and through his counsel, Terrell N. Roberts, III, and pursuant to Fed.R.Crim.P. 12(b)(3)(C), moves to suppress from use as evidence all things, items, and objects recovered in a search of the Defendant's bag on January 6, 2021, following the defendant's arrest by Metropolitan Police Officers.

### Grounds for the Motion

On January 6, 2021, officers of the District of Columbia Metropolitan Police Department arrested the defendant David Alan Blair ("Blair) while lawfully exercising his First Amendment rights on unmarked public grounds, west of the United States Capitol.  The officers handcuffed defendant and escorted him into the U.S. Capitol.  There the arresting officer removed a black bag which was worn by the defendant on his back and emptied its contents on to a table. The bag contained a knife which the prosecution seeks to introduce at trial against the defendant to prove the offense alleged in Count Seven, namely, unlawful possession of a dangerous weapon on Capitol grounds.

The knife should be suppressed from use as evidence upon the following grounds[1]:

First, there was a lack of probable cause for the arrest.  The defendant was engaged in the

---

[1] Defendant has moved to bifurcate the knife-count for trial.  If that occurs, the motion to suppress could be heard after the defendant's trial on the remaining counts and before trial of the second charge.

lawful exercise of his First Amendment rights on the grassy area west of the Capitol at approximately 5:47 p.m. on January 6, 2022.  There was an absence of signage or barriers indicating that the area was restricted or cordoned off at the time of his arrival, which was only 10 or so minutes before the incident for which he was arrested.  The absence of signage would have been completely obvious to any well-trained police officer who was present at the time.  A line of police officers of the Metropolitan Police Department marched down the grassy area chanting "move back, move back." This was not preceded by any audible warning to the crowd to disburse or an explanation of any kind why the area was closed.  The removal of peaceably assembled persons infringed their First Amendment rights.  These people were far from the Capitol building so that their presence did not interfere with congressional proceedings inside.  They were peaceable and non-violent.

The grounds of the U.S. Capitol are traditional public fora for First Amendment expression and assembly.  *Abney v. United States*, 616 A.2d 856, 859, n. 8 (D.C. 1992).  *See also*, *Wheelock v. United States*, 552 A.2d 503, 506 (D.C. 1988)(The United States Capitol is recognized as a "unique situs for demonstration activity and is a place traditionally open to the public … to which access cannot be denied broadly or absolutely").   There was no lawful basis, consistent with the First Amendment, to exclude people exercising their rights from the grassy area west of the Capitol. It was a location suitable for such purposes given that it was far enough away from the Capitol as not to interfere with the proceedings inside of the Capitol, and it was preferable to putting them elsewhere where they would like interfere with street traffic. If people had any hope of meaningfully exercising their First Amendment freedoms that evening, it was the grassy area west of the Capitol building that was most appropriate area for that purpose.  To eject people from

spaces traditionally open to the public for exercise of First Amendment freedoms was legally unjustified.

Even if one were to assume that the grassy area west of the Capitol had been properly cordoned and roped off as a restricted area, the officers acted unlawfully by failing to issue audible and understandable orders to disperse the crowd. *First Amendment Rights and Police Standards Act of 2004*, D.C. Code, §5-331.07  They also never attempted to get people to leave through advice, warning, persuasion, tactical communications, or other de-escalation techniques, in contravention of their general orders. *Metropolitan Police Standard Operating Procedures Handling First Amendment Assemblies and Mass Demonstrations*, Civil Disturbance Unit, D.2. Instead, a police officer in a line of officers marching west on the lawn came up on the defendant on his blindside and shoved him hard, knocking him back.  The officer did not specifically address the defendant personally or warn him before doing so.  Nor did he or any other officer issue a dispersal order explaining why the defendant did not have a right to be there.  In response to this legally unjustified use of force, the defendant used his lacrosse stick to block or check the officer, who had his baton raised vertically in his right hand.  The officer was not hurt or injured, and such resistance, which was lawful under the circumstances, did not furnish a basis to believe that probable cause existed to arrest the defendant.  Thus, the arrest was an unreasonable seizure under the Fourth Amendment and the evidence obtained as a result of that arrest must be excluded. *Mapp v. Ohio*, 367 U.S. 643 (1961).

Second, even assuming that the defendant's arrest was lawful, the search of the defendant's backpack itself was not incident to arrest.  In assessing the reasonableness of a warrantless search, it is a basic rule that "searches conducted outside the judicial process, without prior approval by a judge or magistrate, are per se unreasonable under the Fourth Amendment—subject to a few

specifically established and well-delineated exceptions.  *Katz v. United States*, 389 U.S. 347, 357 (1967). The exception of a search incident to a lawful arrest derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations.  *See*, *United States v. Robinson*, 414 U.S. 218, 230-234 (1973) and *Chimel v. California*, 395 U.S. 752, 763 (1969).

In *Chimel*, the Court held that a search incident to arrest may only include "the arrestee's person and the area 'within his immediate control' – construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." *Id*. This limitation "ensures that the scope of a search incident to arrest is commensurate with its purpose of protecting arresting officers and safeguarding any evidence of the offense of arrest that an arrestee might conceal or destroy."  *Arizona v. Gant*,  556 U.S. 332, 339-343 (2009)(holding that "the *Chimel* rationale authorizes police to search a vehicle incident to arrest only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search").

In the present case, the evidence to be adduced will establish that the defendant was secured in *handcuffs* and in the custody of three officers when the search of the bag took place.  At the time of the search, the bag had already been removed from the defendant and it was searched in an area which was not within his immediate control.  He had no possible ability or opportunity to reach and grab or destroy anything in the bag. It follows that the search incident to arrest exception to the warrant requirement does not apply.

Respectfully submitted,
**ROBERTS & WOOD**

*/s/ Terrell N. Roberts, III*
Terrell N. Roberts, III
DC Bar No. 965061
*Attorney for Defendant*
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764
(301) 699-8706 Fax
troberts@robertsandwood.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Defendant's Motion to Dismiss was electronically filed via CM/ECF system on February 14, 2022, and an electronic copy was e-served to:

Michael Liebman, Esq.
Assistant United States Attorney
Office of the United States Attorney, District of Columbia
555 4th Street, NW
Washington, D.C. 20530

*/s/ Terrell N. Roberts, III*
Terrell N. Roberts, III