**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No.: 1:21-cr-00186-CRC |
| | : | |
| DAVID ALLEN BLAIR | : | |
| | : | |
| Defendant. | : | |

**MOTION FOR CHANGE OF VENUE**

David Allen Blair, Defendant, by and through his counsel, Terrell N. Roberts, III, and respectfully moves this Court for a transfer of venue for a trial by an impartial jury under the Fifth and Sixth Amendments and pursuant to Fed.R.Crim.P. 21(a).

**Grounds for the Motion**

"The theory in our system of law is that conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by outside influences." *Patterson v. Colorado*, 205 U.S. 454, 462 (1907). Rule 21(a) mandates that the "trial court "must transfer [a criminal] proceeding … if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair trial there."

Whether to grant a change of venue is based upon several factors: size and characteristics of the community, the nature and extent of pretrial publicity, the proximity between the publicity and the trial, and evidence of juror partiality. *United States v. Skilling*, 561 U.S. 358, 378-81 (2010).

Defendant's request for change of venue rests upon the report of Select Litigation, LLC. A copy of its report is attached. The Federal Public Defenders' Office for the District of Columbia commissioned Select Litigation to conduct public opinion polls among jury-eligible citizens in the

1

District of Columbia and the Atlanta Division of the Northern District of Georgia. In addition, Select Litigation retained the services of a leading media research firm, News Exposure, to analyze news coverage related to the January 26, 2021, demonstrations.

The key findings of the Jury Pool Analysis is that prospective jurors in the District of Columbia have decidedly negative impressions of individuals arrested in conjunction with the activities of January 6, 2021. Concerning prospective jurors in the District of Columbia, the report states at p. 2:

> Their bias against the defendants is evident in numerous results and is reflected in significant prejudgment of the case: a clear majority admit that they would be inclined to vote "guilty" if they were serving on a jury at the defendants' trial. The attitudes of prospective jurors in the District of Columbia are decidedly more hostile toward the defendants than adults nationwide or prospective jurors in a demographically comparable federal court division.

Some of the highlights of the report show the following:

- 84% have an unfavorable opinion of the "people arrested for participating in the events at the Capitol on January 6."

- An overwhelming majority of those polled of the District of Columbia jury pool have prejudged the case. When asked if the people arrested for activities related to January 6 are guilty or not guilty, 71% say "guilty," and "3%" say "not guilty."

- While most jury-eligible District of Columbia citizens (80%) express confidence the January 6 defendants can receive a fair trial, 52% percent say that if they were on the jury they would most likely find the defendant guilty, and 2% say that they would vote "not guilty."

- Over 90% of those polled in the District of Columbia have heard or read about the January 6 event at the Capitol and most of them said the media coverage implied that the defendants were guilty.

- Seven out of ten would describe the defendants as conspiracy theorists, 62% would describe them as "criminals," 58% would describe them as "white supremicists," 54% would describe them as members of right wing organizations, and 85% think that trying to overturn the election and keeping Donald Trump in power best describes the defendants.

- 82% believe that "insurrection" is an apt description for the defendants' actions.  By contrast, only 10% believe that "patriotism" would describe their actions.

In terms of new media, print and web coverage, the report of Select Litigation concludes that January 6 received a significantly greater news coverage than it did in the Atlanta region. Report, p. 9.  The report found that the disparity between media web coverage was greatest on the internet. The number of "hits" from internet sites based in the District of Columbia was four times higher than the comparable number of hits from sites based in the Atlanta area.  Report, p. 9. Results were similar when it came to coverage of local programming of network television affiliates. 7,300 hits in the District of Columbia and 4,005 in Atlanta. Report, p. 10.  The report commented that "the disparity of media exposure might help explain the differences in views of jury-eligible citizens in the District of Columbia and the views of their counterparts in a comparable division and among adults nationwide."  Report, p. 10.

The report of Select Litigation speaks for itself.  It reveals a great prejudice against defendants charged for their activities in the January 6, 2021, demonstrations.  As Judge Hugo Black once observed, the American justice system "has always endeavored to prevent even the probability of unfairness."  *In re Murchison*, 349 U.S. 133, 136 (1955).  To ensure fairness to the defendant, this case must be transferred to another district.

        Respectfully submitted,
        **ROBERTS & WOOD**

        */s/ Terrell N. Roberts, III*
        Terrell N. Roberts, III
        DC Bar No. 965061
        *Attorney for Defendant*
        6801 Kenilworth Avenue, Suite 202
        Riverdale, Maryland 20737
        (301) 699-0764
        (301) 699-8706 Fax
        troberts@robertsandwood.com

### **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing Defendant's Motion to Transfer was electronically filed via CM/ECF system on February 14, 2022, and an electronic copy was e-served to:

Michael Liebman, Esq.
Assistant United States Attorney
Office of the United States Attorney, District of Columbia
555 4th Street, NW
Washington, D.C. 20530

        */s/ Terrell N. Roberts, III*
        Terrell N. Roberts, III