**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No.: 1:21-cr-00186-CRC |
| | : | |
| DAVID ALLEN BLAIR | : | |
| | : | |
| Defendant | : | |

**DEFENDANT DAVID ALAN BLAIR'S OBJECTIONS TO
THE PRESENTENCE REPORT**

David Allen Blair, Defendant, by and through his counsel, Terrell N. Roberts, III, pursuant to Rule 32(f) of F.R.Crim.P., files objections to the Presentence Investigative Report ("Report") which was filed on July 8, 2022 [Doc.# 58].

I. **THE REPORT'S DETERMINATION OF A RECOMMENDED SENTENCE UNDER THE SENTENCING GUIDELINES WAS IN ERROR.**

The Presentence Investigation Report under the guidelines issued by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(a)(1). The author of the Report correctly determined the correct offense guideline to be applied, namely, U.S.S.G. § 2A2.4 **Obstructing or Impeding Officers**. The author then applied § 2A2.4's Cross Reference, subparagraph (c), which states: "If the conduct constituted aggravated assault, apply § 2A2.2 (Aggravated Assault)." The Report concluded that the defendant's conduct constituted an aggravated assault on the grounds that "that the defendant used a dangerous weapon (lacrosse stick) with intent to cause bodily injury. Report, p. 11, ¶39. The Report incorrectly applied the guidelines.

**A Lacrosse Stick Does Not Meet the Definition of a Dangerous Weapon under U.S.S.G.**

The Commentary to § 2A2.2, Application Notes, 1, defines an aggravated assault as follows:

1

> "Aggravated assault" means a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with the weapon; (B) serious bodily injury; (C) strangling, suffocating, or attempting to strangle or suffocate; or (D) an intent to commit another felony."

As previously stated, the Report concluded that the evidence met element (A). The Report is in error. A lacrosse stick does not meet the Sentencing Guidelines definition of a "dangerous weapon."

The Commentary's Application Notes under U.S.S.G. 1B1.1(E) defines a "dangerous weapon" as:

> (i) an instrument capable of inflicting death or serious bodily injury; or (ii) an object that is not an instrument capable of inflicting death or serious bodily injury but (I) closely resembles such an instrument; or (II) the defendant used the object in a manner that created the impression that the object was such an instrument (e.g. a defendant wrapped a hand in a towel during a bank robbery to create the appearance of a gun.)

A lacrosse stick is "not an instrument capable of inflicting death or serious bodily injury." In the sport of lacrosse, it is an object made of lightweight aluminum that weighs approximately 12 oz. It is cylindrical in shape and 52-72 inches in length, hollow and 1 inch in diameter. In the sport of lacrosse, a net or glove is attached to the stick and it is used by a player to throw a ball to another player or into the net for a goal. It is also used to strike another player. The sport of lacrosse has achieved wide acceptance in schools and colleges across many parts of the United States and the use of the stick in the sport is not commonly known to cause serious bodily injury or death. Second, a lacrosse stick does not closely resemble an instrument capable of inflicting death or serious bodily injury. Third, the defendant's use of the lacrosse stick does not create an impression that it was an instrument capable of inflicting death or serious bodily injury. The incident between the MPD officers and the defendant was presented in two social media (YouTube) videos. Selected excerpts of these videos were submitted under separate cover for inclusion in the record and the

Court's review in connection with objections filed previously to the draft Report [Doc.#54.]. From this video evidence, it may be clearly seen that the defendant held the stick parallel and forcibly pushed Officer Kevin Peralta in his torso. The officer was standing shoulder to shoulder with other officers in the line and it is unclear to what extent, if any, the stick made contact with the officer. If it made any contact the officer, it was slight and did not cause injury or harm to the officer (none is claimed by the government).

The author of the Report does not appear to have applied U.S.S.G.'s definition of a dangerous weapon to the facts of the case. Regardless, the video evidence decisively demonstrates that the lacrosse stick was not used in a way to create an impression that it was capable of inflicting death or serious bodily injury. Therefore, it cannot be considered a "dangerous weapon" as that term is defined by U.S.S.G. § 1B1.1(E).

U.S.S.G. § 1B1.1(E)'s definition tracks the case law of this jurisdiction. *See*, *United States v. Broadie*, 452 F.3d 875, 881(DC Cir. 2006)(A deadly or dangerous weapon is defined as an object that is "likely to produce death or great bodily injury by the use made of it."); *United States v. Vinton*, 594 F.2d 14, 23 (DC Cir. 2010)(holding that there are "two categories of objects likely to produce death or great bodily injury: those that are 'inherently dangerous,' i.e., where "the design of the object is such that its ordinary use is likely to cause great bodily injury"; and (2) those that ostensibly may be "used as a tool in certain trades or hobbies or may be carried for utilitarian reasons," but where "the surrounding circumstances indicate" that 'the purpose of carrying the object … is it's use as a weapon.")(*quoting Strong v. United States*, 581 A.2d 383, 386 (D.C. 1990).

> **The Evidence Fails to Show an Intent to Cause a Bodily Injury, as that Term is Defined under U.S.S.G.**

3

Next, the evidence fails to show that the defendant had an intent to cause bodily injury to Officer K.P. "Bodily injury" is defined as "any *significant* injury; e.g., an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." U.S.S.G. §1B1.1, Commentary, n. 1(B)(*emphasis added*). The video evidence demonstrates that the defendant's use of force was slight to moderate under the circumstances and that Officer Peralta in fact did not sustain a "significant injury" resulting from it. Officer K.P. has not claimed or reported any injury from the incident. He also declined to file a report or be interviewed concerning his own use of force against the defendant. His use of force was notable for at least three strikes with a baton to the defendant's head, according to a Preliminary Investigative Report dated January 21, 2021, filed by Agent Christopher Tilley of the Internal Affairs Division of the Metropolitan Police Department.

On June 21, 2022, Assistant United States Attorney Michael Liebman wrote to Ms. Sherry Baker, the author of the draft Presentence Report to object and disagree with the author's determination that the defendant's conduct constituted an aggravated assault as defined by § 2A2.4 c) . Mr. Liebman stated that the alleged felonious assault the defendant committed "did not involve: 'an intent to cause bodily injury … with that weapon'; a 'serious bodily injury'; or a 'strangling, suffocating or an intent to strangle or suffocate'; or "an intent to commit another felony.'" See Ex. 1 attached.

**Conclusion**

The Report's calculation of a recommended sentence under the sentencing guidelines, if accepted, will lead to the imposition of an unjust sentence. The Report's erroneous calculation of the guidelines range increased the base offense level to **14** – a whopping 4 levels above the parties' calculation of the base offense, which is **10**. Second, if a "dangerous weapon" was used, it

necessarily leads to the application of the Special Offense Characteristic of § 2A2.2 (b)(2)(B), which means an additional **4**-level increase of the total offense level and to a total offense level of **15** (after deducting 3 points for acceptance of responsibility) and a guidelines sentence of **18- 24** months.  This is a far cry from a total offense level of **11** that the government and defendant agreed with.  The correct calculation yields a recommended sentence of **8-14** months of imprisonment and places the defendant in Zone B and eligible for a sentence of probation without imprisonment. U.S.S.G. § 5B1.1(a)(2).

Based upon the foregoing, the Report sentencing guidelines calculation is seriously in error and the Court must reject it.

Respectfully submitted,

  /s/ *Terrell N. Roberts, III*
Terrell N. Roberts, III
Bar ID No. 965061
*Attorney for Defendant*
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764
(301) 699-8706 Fax
troberts@robertsandwood.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing Defendant's Objections to the Presentence Report was electronically filed on July 8, 2022, via the CM/ECF File & Serve system and an electronic copy was e-served on:

Michael Liebman, Esq.
Assistant United States Attorney
Office of the United States Attorney, District of Columbia
555 4th Street, NW
Washington, D.C. 20530

                                                /s/ *Terrell N. Roberts, III*